IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| KENT ALLEN RICHARDSON, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 3:14-CV-88-MSH |
| | : | Social Security Appeal |
| CAROLYN COLVIN, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance.  If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The Plaintiff bears the initial burden of proving that he is unable to perform his previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986).  The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2]  A Plaintiff seeking Social Security disability benefits must demonstrate that he suffers from an

---

[1] Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the Plaintiff is working.  *Id.*  If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity ("RFC") can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## ISSUES

I.   **Whether the ALJ properly considered the opinion of an examining psychologist in formulating the RFC assessment.**

II.  **Whether the ALJ properly established that there were other jobs available in the national economy that Plaintiff can perform within his RFC assessment.**

## Administrative Proceedings

Plaintiff applied for disability insurance benefits and supplemental security income on November 2, 2010, alleging disability as of August 21, 2010. Tr. 19, ECF No. 11-2. Plaintiff's application was denied initially and on reconsideration, and Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ conducted a hearing on October 23, 2012. *Id*. Following the hearing, the ALJ issued an unfavorable decision on July 2, 2013. Tr. 19-29. The Appeals Council ultimately denied Plaintiff's Request for Review on August 28, 2014. Tr. 1-3. This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Plaintiff met the insured status requirement of the Social Security Act through March 31, 2014. Tr. 21. The ALJ further found that Plaintiff had not engaged in substantial gainful activity as defined by the Act since his alleged onset date. *Id*. The ALJ found that Plaintiff had the following severe impairments: status post motor vehicle accident residuals including status post facial fractures, status post femoral neck fracture, status post right elbow fracture, and status post intertrochanteric hip fracture; status post closed head injury, cognitive disorder not otherwise specified;

adjustment disorder with depressed mood/mood disorder due to traumatic brain injury with depressive features. *Id.* The ALJ then determined that Plaintiff had no impairments or combination of impairments that met or medically equaled any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 28-29.

After consideration of the entire record, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work with both exertional and nonexertional limitations. Tr. 23. The ALJ found that Plaintiff could not perform any past relevant work as a machine operator and hand stone cutter. Tr. 27. Plaintiff was thirty-two years old on the alleged disability onset date, has a high school education, the ability to communicate in English, and the above-mentioned work experience. *Id.* The ALJ elicited testimony from a vocational expert (VE) who opined that given the RFC formulated by the ALJ, jobs exist in significant numbers in the national economy that Plaintiff can perform such as inspector of electrical equipment, box sealer inspector, and routing clerk. Tr. 27-28. Considering Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff had not been under a disability as defined in the Act from August 21, 2010 through the date of the decision. Tr. 28.

## DISCUSSION

**I.    Whether the ALJ properly considered the opinion of an examining psychologist in formulating the RFC assessment.**

At the evidentiary hearing on October 23, 2012, Plaintiff's counsel requested a neuropsychological consultative examination and Plaintiff was referred for a consultative psychological evaluation to Matt F. Butryn, Ph.D. Tr. 54-55. The evaluation was done

April 4, 2013. First, a clinical interview was conducted, followed by an extensive battery of tests. Dr. Butryn first noted in the mental status examination (MSE) that Plaintiff "showed a relatively intact level of basic cognitive functioning regarding mental status testing, scoring 30 out of a possible 30 points on the MMSE." Tr. 582. He opined that Plaintiff "came across as someone experiencing and displaying the effects of a traumatic brain injury. (TBI)[.]" Tr. 582-83. He listed his diagnostic impressions as Axis I Cognitive Disorder Not Otherwise Specified, Personality Change due to TBI, Mood Disorder with depressive Features due to TBI and entered no diagnosis on any other axis prescribed in the Diagnostic and Statistical Manual.

The ALJ found TBI as a severe impairment and further developed the findings of severe impairments to include the cognitive disorder diagnosed by Dr. Butryn as well as the depressive features found in the consultative evaluation. As part of the evaluation, Dr. Butryn noted Plaintiff's restricted ability to maintain concentration and attention and work cooperatively. The ALJ followed the precautions expressed by Dr. Butryn and limited Plaintiff's RFC accordingly. Dr. Butryn specifically said Plaintiff's "prognosis for appreciable recovery and return to full time work appears to be good due to the limited scope of cognitive problems." Tr. 586. The ALJ pointed this out and followed Dr. Butryn's restriction to work having only short and simple instructions.

Indeed, a comparison of the language used by the ALJ in his unfavorable decision and the language used by Dr. Butryn in the Summary and Recommendations section of his report are very similar, satisfying the Court that the ALJ carefully reviewed the report and, as the ALJ stated, gave it weight. While Plaintiff is correct that the ALJ did not

6

specify how much weight he gave the report, it is clear from a review of the report and the ALJ's written decision that he followed the recommendations. Plaintiff's first contended error has no merit.

## II. Whether the ALJ properly established that there were other jobs available in the national economy that Plaintiff can perform within his RFC assessment.

Next, Plaintiff contends the ALJ failed to establish that jobs are available in the national economy which he can perform within the restricted RFC as assessed by the ALJ. This is a step five analysis where the Commissioner has the burden to prove the availability of work. He argues that the hypothetical question posed to the vocational expert was incomplete because it did not include a limitation to maintaining attention for no more than two hours as found by Dr. Butryn in the consultative evaluation. A careful review of Dr. Butryn's report shows that what he said was Plaintiff's ability to pay attention "may be a significant problem." But he prefaced that statement with his opinion that Plaintiff's ability to understand, remember and carry out short, simple instructions should not be a problem, and further concluded that Plaintiff's restricted ability to concentrate or pay attention "may not be major problems in simple, distraction-free environments." Tr. 586.

As noted above, the consultative evaluation by Dr. Butryn occurred after the evidentiary hearing where the hypothetical question at issue was posed to the VE. Nonetheless, the ALJ included in the hypothetical a limitation to simple, routine and repetitive tasks and only simple instructions. As to work pace and the need to maintain attention, the ALJ premised the hypothetical with a restriction to no work requiring a

rapid rate of production or a fast paced environment. Tr. 57-58. Taking the step five analysis further, the ALJ had the VE consider sedentary work with the same limitations, and established that at the sedentary level Plaintiff could work as an order clerk, weaver defect clerk, or machine attendant. (Tr. 58-59). This is important because Social Security Ruling 96-9p contemplates that sedentary work offers breaks at two hour intervals. The Commissioner's brief incorrectly cites SSR 96-9p as supporting two hour breaks for light work. This ruling defines sedentary work. No error is present, however, because the ALJ had the VE testify to work at the sedentary level which Plaintiff can perform within the same assessed RFC. The Social Security Regulations contemplate that when a claimant is found capable of performing work at the light exertion level, they are also capable of sedentary work. 20 C.F.R. § 416.967(b). Remand would be pointless because the result would be the same.

   Plaintiff also asserts that the hypothetical question is flawed because it fails to account for the opinion by a nonexamining psychologist that Plaintiff would have moderate limitations sustaining an ordinary work routine without special supervision. The psychologist noted moderate limitations in the summary portion of her Mental Residual Functional Capacity Assessment. Tr. 540. But in the third, detailed section of the same report, she found the records to establish that Plaintiff has adequate concentration for basic activities and can function with minimal supervision. Tr. 542. The ALJ expressly considered this opinion evidence and gave it great weight. Tr. 24, 26. The ALJ's hypothetical adequately accounted for the evidence of record that proves Plaintiff has some limitations in his ability to pay attention at work.

Plaintiff further contends the hypothetical question posed to the VE at the hearing by his attorney proves he is disabled. The lawyer followed the factual predicates in the ALJ's hypotheticals but added that Plaintiff would be off task 20% of the time. The VE testified that in that case Plaintiff would be unable to work at either exertional level. But no evidence of record supports that added factual predicate. No medical source has found that Plaintiff would be off task 20% of the normal workday. Therefore, there is no error.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is ORDERED that the determination of the Social Security Commissioner is AFFIRMED.

SO ORDERED, this 5th day of March, 2015.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE